FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

2009 DEC 22  PM 2: 06

STEF...            CLERK
U.S.F...           CT
FOR THE N...       TRICT OF
          OF IND....

KRYSTINA AUSTIN,                          )
on behalf of herself and all others similarly   )
situated,                                 )
                                          )
                PLAINTIFF,                )
                                          )
        v.                                )
                                          )       Cause Number: 0 9 C V   4 2 7
FIRSTSOURCE FINANCIAL SOLUTIONS, INC. )
FKA FIRSTSOURCE HEALTHCARE         )
ADVANTAGE, INC.,                          )
                DEFENDANT.                )

## COMPLAINT AND DEMAND FOR JURY TRIAL - CLASS ACTION

Plaintiff Krystina Austin, by counsel Michael P. McIlree, sues Defendant

FirstSource Financial Solutions, Inc., and alleges and states as follows:

### INTRODUCTION

**1.** This is an action for actual and statutory damages brought by Plaintiff,

Krystina Austin, on behalf of themselves and all others similarly situated , against

Defendant FirstSource Financial Solutions, Inc., for violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692 et seq. (hereinafter "FDCPA" ), which prohibits debt

collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

**2.** Jurisdiction of this court arises under 15 U.S.C. §1692 and 28 U.S.C. §1337.

Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Venue is proper

in this District in that the defendant has conducted business in Indiana and the conduct

complained of occurred here.

**PARTIES**

**3.** Krystina Austin is an individual who resides in Porter County, Indiana.

**4.** Krystina Austin is a consumer as defined by 15 U.S.C. § 1692a(3).

**5.** FirstSource Financial Solutions, Inc. is a collection agency with an office in LaPorte, Indiana. FirstSource Financial Solutions, Inc. Inc. is incorporated in Kentucky and conducts business in Indiana and nationwide.

**6.** FirstSource Financial Solutions, Inc. is a debt collector as defined by 15 U.S.C. § 1692a(6).  FirstSource Financial Solutions, Inc. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**ALLEGATIONS AGAINST FirstSource Financial Solutions, Inc.**

**7.** Defendant, formerly known as FirstSource Healthcare Advantage, has been retained by LaPorte County EMS concerning collection of an alleged consumer medical debt obtained by Plaintiff for personal, family, or household services.

**8.** Defendant has failed to comply with the FDCPA.

**9.** On or about February 16, 2009, Defendant sent a collection letter in an attempt to collect an alleged consumer debt, to Plaintiff, Ms. Austin (A true and accurate copy is attached as Exhibit A).

**10.** Defendant's letter seeks to add a collection fee which is not allowable under Indiana Law unless in compliance with the provisions contained in Indiana Code §16-31-5-1.

**11.** Namely, Defendant's letter adds a collection fee of $269.67 to the original bill.

**12.** There exists no ordinance allowing for such a fee to be added to the original

bill amount. (A true and accurate copy of the Emergency Medical Services and Fees Schedule for LaPorte County is attached as Exhibit B).

**13.** Plaintiff alleges that said letter violates 15 U.S.C. §1692e.

**14.** Plaintiff alleges that this statement is a false representation as to the legal status of the alleged debt.

**15.** Plaintiff contends Defendant's Letter violate 15 U.S.C. §1692e(2)(A).

**16.** Plaintiff contends Defendant's Letter violates 15 U.S.C. §1692e(2)(B).

**17.** Said letter violates 15 U.S.C. §1692(e)(2)(A) and §1692e(10).

**18.** Plaintiff contends said letter violates 15 U.S.C. §1692f.

### CLASS ALLEGATIONS - FDCPA LETTER VIOLATIONS

**19.** Plaintiff incorporates paragraphs 1 through 18 as if fully set forth hereafter.

### POLICIES AND PRACTICES COMPLAINED OF

**20.** At the time Defendant sent correspondence to Ms. Austin there was in full force and effect the following section sub-parts of the federal Fair Debt Collection Practices Act, a statute of the United States:

**1692e. False or misleading representations**

**A debt collector may not use any false, deceptive or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**(2) The false representation of-**
**(A) the character, amount, or legal status of any debt;**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**21.**  Plaintiff brings this action against Defendant, FirstSource Financial Solutions Inc., on behalf of a class. The class includes:

    **a.**  All natural persons with Indiana addresses,

    **b.**  Who were sent a letter by Defendant which contains the added collection fee in the form represented by Exhibit A ,

    **c.**  On or *after* a date one year prior to the filing of this action,

    **d.**   In connection with attempts to collect on a non-business medical debt obtained  primarily for personal, family or household purposes on behalf of LaPorte County EMS.

**22.**  On information and belief, the class is so numerous that joinder of all members is impractical.

**23.**  There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.

**24.**  The principal question presented is whether Defendant's letter contained false representations or false statements which were sent to consumers.

**25.**  The only individual issue is the identification of the consumers to whom Defendant sent these letters represented by Exhibit A.

**26.**  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. To that end, plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this claim.

**27.**  Plaintiff's claims are typical of the claims of the class, which all arise

from the same operative facts and are based on the same legal theories.

    **a.**    A class action is a superior mechanism to ensure the fair and efficient adjudication of the class members' claims, in that:

    **b.**    Individual actions are uneconomical because the maximum damages are $1,000;

    **c.**    Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute; and

    **d.**    Unsophisticated consumers are unlikely to realize that Defendant's letter is required to comply with the FDCPA.

WHEREFORE, plaintiff, by counsel, respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant, FIRSTSOURCE FINANCIAL SOLUTIONS, INC.. Plaintiff requests Judgment as follows:

1) The maximum amount of statutory damages provided under 15 U.S.C. § 1692k.

2) Attorney's fees, litigation expenses and costs.

3) Such other and further relief as is appropriate.

Respectfully submitted,

By _____

Michael P. McIlree

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury of all issues in this action.

Respectfully submitted,

By_____

Michael P. McIlree

**Michael P. McIlree**
**Attorney at Law, 19847-45**
**821 E. Lincolnway, Ste. 1**
**Valparaiso, IN 46383**
**Telephone: (219) 548-1800**
**Facsimile:   (219) 548-5905**
**Attorney for Plaintiff**

**EXHIBIT A**

**firstsource**

Firstsource Healthcare Advantage, Inc.
f/k/a Argent Healthcare Financial Services, Inc.
1900 W. Severs Road
LaPorte, IN 46350
(800) 650-1776

KRYSTINA AUSTIN
298 W STATE ROAD 8
HEBRON, IN 46341-8854

| | |
|---|---|
| STATEMENT DATE: | 02/16/09 |
| ACCOUNT NAME: | Krystina |
| CLIENT ACCOUNT #: | |
| ACCOUNT #: | |
| ACCOUNT BALANCE: | $1,078.67 |

*See Reverse Side for Account Detail*

Because there has been no satisfactory response on your part to resolve this matter amicably, the client has approved this account for forwarding to an attorney in order to file suit on its behalf.

Please be advised we will delay this process until 03/02/09 in order to allow you time to remit payment in full.

Please mail payment to the below remit address. The client account number(s) should be listed on all correspondence and payments to ensure the proper handling and crediting of your account(s).

### PLEASE CALL OUR OFFICE AT (800) 650-1776

Office Hours (Central Time Zone)
Monday - Friday 7:00 A.M. - 5:00 P.M.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*     Page 1 of 2

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT
Firstsource Healthcare Advantage, Inc. f/k/a Argent Healthcare Financial Services, Inc • 1900 W. Severs Road • Laporte, IN 46350   CC0018

---

1900 W. Severs Road
LaPorte, IN 46350

☐ Please check box if below address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

**═══ ADDRESSEE: ═══**
4060328/MED-09047/CC0018-LC1754  213095843149  93486/0046742/0175

KRYSTINA AUSTIN
298 W STATE ROAD 8
HEBRON, IN 46341-8854

| IF PAYING BY CREDIT CARD, FILL OUT BELOW. |
|---|

CHECK CARD USING FOR PAYMENT
☐ VISA   ☐ ⬤

| CARD NUMBER | | SIGNATURE CODE |
|---|---|---|
| SIGNATURE | | EXP DATE |

| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT # |
|---|---|---|
| 02/16/09 | $1,078.67 | |

| SHOW AMOUNT PAID HERE | $ |
|---|---|

**═══ REMIT TO: ═══**

Firstsource Healthcare Advantage, Inc.
f/k/a Argent Healthcare Financial Services, Inc.
P.O. Box 40019
Phoenix, AZ 85067-0019

**EXHIBIT B**

(a) Members of the organization prepare the food that will be sold;

(b) Events conducted by the organization take place for no more than 30 days per calendar year; and

(c) The name of each person who has prepared a food item is attached to the container in which the food item has been placed.

(3) Schools, churches and governmental units or agencies shall be exempt from a license fee. (`88 Code, § 3-9)  (2000-15, passed 8-8-00; Am. Ord. 2005-02, passed 2-15-05)

## § 37.36 FEE COLLECTION, ACCOUNTING, AND DISPOSITION.

(A) The Board of Health shall collect the fees established as a part of this subchapter in accord with those set forth in §§ 37.34(A) and (B) and 37.35 herein.

(B) All fees collected by the Board shall be accounted for in detail for each program service area.

(C) All fees collected by the Board shall be transferred to the county Health Fund. The monies collected in accord with the provisions of this subchapter shall be used only for the maintenance or future expansion of the specific program services from which they are derived.

(D) Fees collected for health services provided individuals in other county health jurisdictions and involving payment from county tax revenue shall be collected in accord with an agreement pursuant to I.C. 16-20-5-8, as amended.

(E) Fees collected by the Board in providing a copy of a birth certificate or death certificate are retained by the Health Officer as provided in I.C. 16-20-5-8.
(`88 Code, § 3-8)  (Ord. 85-10, passed 11-12-85)

### EMERGENCY MEDICAL SERVICES AND FEES

## § 37.50  SCHEDULE OF FEES.

The County Board of Commissioners adopts the following Emergency Medical Services fees. The fee schedule reflects the type of service recognized by Medicare since approximately 70% of our patients fall into this billing category. In the future, there will be no cost difference between in-county and out-of-county calls, the difference will now be made up in the reimbursable mileage charge.

| Type of Service | Current | 7-1-05 30% | 1-1-06 10% | 1-1-07 10% | 1-1-08 10% | 1-1-09 10% |
|---|---|---|---|---|---|---|
| BLS (Basic rate) - Non-emergency | $180.00 | $234.00 | $257.00 | $283.00 | $311.00 | $342.00 |
| BLS (Basic+ emergency fee) - Emergency | 262.00 | 341.00 | 375.00 | 413.00 | 454.00 | 499.00 |
| ALS (Basic + MIC charge - Non-emergency | 344.00 | 447.00 | 492.00 | 541.00 | 595.00 | 655.00 |
| ALS I (Basic + MIC + emergency + 02) Non-emergency | 451.00 | 586.00 | 645.00 | 710.00 | 781.00 | 859.00 |
| ALS II (ALS I + 1 specified procedure or 3 specified meds) | - 0 - | 662.00 | 728.00 | 801.00 | 881.00 | 969.00 |

| Type of Service | Current | 7-1-05 30% | 1-1-06 10% | 1-1-07 10% | 1-1-08 10% | 1-1-09 10% |
|---|---|---|---|---|---|---|
| **Other Charges** | | | | | | |
| Mileage<br>  1st 50 miles<br>  51 + miles | $7<br>- 0 - | $8.00<br>10.00 | $8.00<br>10.00 | $9.00<br>11.25 | $9.00<br>11.25 | $10.00<br>12.50 |
| Return trip | 98.00 | 127.00 | 140.00 | 154.00 | 169.00 | 186.00 |
| Oxygen | 25.00 | 33.00 | 36.00 | 40.00 | 44.00 | 48.00 |
| TNT | 75.00 | 99.00 | 109.00 | 119.00 | 130.00 | 143.00 |
| Lift assist - after third trip | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 |

(Ord. 1996-12, passed 7-1-96; Am. Ord. 2005-06, passed 4-3-05)

### EMERGENCY TELEPHONE SYSTEM
### AND FEES

### § 37.60  MONTHLY SERVICE FEES.

(A) Per I.C. 36-8-16-1 *et seq.*, a countywide monthly telephone service fee shall be imposed on all county phone users to be used for the installation of an enhanced emergency telephone system.
(`88 Code, § 3-78)

(B) The fee shall be initially set at the maximum allowed per I.C. 36-8-16-6(b)(1).
(`88 Code, § 3-79)

(C) The County Commissioners increase the established enhanced emergency telephone system fee to the rate of $.74 per month. This fee is to be assessed on each exchange access facility in the service area covered by the enhanced emergency system.
(`88 Code, § 3-78)

(D) Pursuant to I.C. 36-8-16-9, the fee established by this section shall take effect on the first day of May, 1994.
(`88 Code, § 3-79) (Ord. 89-1, passed 4-17-89; Am. Ord. 94-7, passed 3-14-94)

### § 37.61  PRIMARY PUBLIC SAFETY
### ANSWERING POINT.

The Enhanced Emergency Telephone System funded by the fee established under this subchapter shall consist of one Primary Public Safety Answering Point to be located at the Sheriff's Department.
(`88 Code, § 3-101) (Ord. 90-1, passed 11-26-90)

### § 37.62  SITE COMMITTEE.

A site committee shall be appointed by the Council President to include the Mayors of Michigan City and the City of LaPorte or their designees, a County Commissioner, a County Council member, the Sheriff, the EMS Administrator, and others he or she deems appropriate.
(`88 Code, § 3-80) (Ord. 89-1, passed 4-17-89)

### § 37.63  STATE LAW CONTROLS.

The provisions of I.C. 36-8-16-1 through 36-8-16-9 shall control the operation of the enhanced emergency telephone system and the imposition and collection of the system fee.
(`88 Code, § 3-79) (Ord. 94-7, passed 3-14-94)